1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ERIC LINDFORS,
CDCR #P-36975;

Plaintiff,

vs.

LARRY SMALL, et al.,

Defendants.

Civil No.     10-2120 MMA (AJB)

**ORDER:**

**(1)  DENYING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **[Doc. No. 2];  AND**

**(3) DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff, a state inmate currently incarcerated at the California State Prison located in Lancaster, California, and proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983.  Plaintiff has  not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].  Initially, Plaintiff filed this action along with another inmate Ruben Davis.  *See Davis v. Small*, *et al.*, S.D. Cal. Civil Case No. 10cv1606 MMA (AJB).  Plaintiff Lindfors' claims were severed from that action and re-filed in the action currently before the Court.

Thus, the Court also determined that while it was practical to sever the two actions due to the difficulties of two inmates pursuing the same claims in the same action, the Court would "low number" Plaintiff Lindfors action. *See* Report of Clerk and Order of Transfer pursuant to "Low-Number" Rule [Doc. No. 3].

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In this matter, Plaintiff has submitted a certified copy of his inmate trust account. However, as stated above, this trust account statement must include the 6-month period

immediately preceding the filing of the complaint.  *See* 28 U.S.C. § 1915(a)(2).  Here, Plaintiff's

trust account statement is for a period from October 2008 to July 2009.  This action was filed

on July 29, 2010.  Thus, Plaintiff's Motion to Proceed *IFP* is **DENIED**.

### III.

#### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to

review complaints filed by anyone "incarcerated or detained in any facility who is accused of,

sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions

of parole, probation, pretrial release, or diversionary program," "as soon as practicable after

docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP.

*See* 28 U.S.C. § 1915A(a), (c).  The Court must sua sponte dismiss prisoner complaints, or any

portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may

be granted.  28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on

other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d

1350, 1354 (9th Cir. 1985) (en banc).

The Court finds that Plaintiff's Complaint fails to comply with Rule 8.    Specifically,

Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and

plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of

the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(1) & (2).  Plaintiff's

Complaint is nearly one hundred pages long and is often rambling.  If Plaintiff chooses to file

an Amended Complaint, he must comply with Rule 8.  He is further cautioned that he must also

comply with Local Rule 8.2 which provides, in part,  that prisoners must use the Court's form

complaints and any additional pages are "not to exceed fifteen (15) in number."  S.D. CIVLR 8.2.

## IV.

### CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1)    Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

(2)    This action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) and for failure to successfully move to proceed IFP pursuant to 28 U.S.C. § 1915(a) .

(3)    Plaintiff is **GRANTED** forty five (45) days from the date this Order is Filed to either:  (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED that:**

(4)  Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

The Clerk of Court is directed to mail a Court approved civil rights complaint form to Plaintiff.

**IT IS SO ORDERED**.

DATED:  November 30, 2010

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge