# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC R. LINDFORS, CDCR # P-86975,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>LARRY SMALL; MATTHEW CATE; TIM OCHOA; G.J. JANDA; G. TRUJILLO; G. STRATTON; G. EDWARDS; A. BELTRAN; R. DAVIS; J. JIMENEZ; A.R. BETTENCOURT; JOSHUA ROCHA; MATTHEW RESLER; E. GARCIA; R. FREGOSA; S. RUTLEDGE; F.Z. MATA; J. MANNING; E. LOYA; A. ADAMS,<br><br>　　　　　　　　Defendants. | Civil No.　10cv2120 MMA (AJB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

　　　Plaintiff, a state inmate currently incarcerated at the California State Prison - Los Angeles County located in Lancaster, California, and proceeding pro se, has filed a civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 6], along with a "Motion for Permission Under Civil Local Rules 15.1 to Remove all Exhibits" [Doc. No. 7].

/ / /

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 6] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Here, while the Court finds that Plaintiff has sufficiently alleged a retaliation claim against Defendants Rocha, Resler and Loya, he has failed to sufficiently allege a claim against any of the other remaining Defendants.

### A. Fourteenth Amendment Due Process claims

Plaintiff alleges that his due process rights were violated during his disciplinary hearing because several correctional officers falsified rules violation reports which led to Plaintiff being sentenced to Administrative Segregation ("Ad-Seg"). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when

1  compared to those shared by prisoners in the general population; and (3) the possibility of
2  whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.
3         Therefore, to establish a due process violation, Plaintiff must first show the deprivation
4  imposed an atypical and significant hardship on him in relation to the ordinary incidents of
5  prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the
6  Court could find there were atypical and significant hardships imposed upon him as a result of
7  the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions"
8  of his confinement that would give rise to a liberty interest before he can claim a violation of due
9  process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended*
10 *by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed
11 to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process
12 claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that
13 placing an inmate in administrative segregation for thirty days "did not present the type of
14 atypical, significant deprivation in which a state might conceivably create a liberty interest.").
15     **B.**    **Conspiracy Claims**
16        Throughout Plaintiff's First Amended Complaint, he alleges that several correctional
17 officers acted in a conspiracy to violate his constitutional rights pursuant to 42 U.S.C. § 1985(3).
18 "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to
19 deprive any person or a class of persons the equal protection of the laws, or of equal privileges
20 and immunities under the laws, (3) an act by one of the conspirators in furtherance of the
21 conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege
22 of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see*
23 *also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d
24 1529, 1536 (9th Cir. 1992). "[T]he language requiring intent to deprive *equal* protection . . .
25 means that there must be some racial, or perhaps otherwise class-based, invidiously
26 discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sever*,
27 978 F.2d at 1536.
28 / / /

1     Here, Plaintiff fails to allege membership in a protected class and fails to allege that any Defendant acted with class-based animus, both of which are essential elements of a cause of action under 42 U.S.C. § 1985(3). *See Griffin*, 403 U.S. at 101-02; *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) (holding that conspiracy plaintiff must show membership in a judicially-designated suspect or quasi-suspect class); *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).

    Accordingly, the Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

**III     CONCLUSION AND ORDER**

    Good cause appearing, **IT IS HEREBY ORDERED**:.

    1.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 6] is **GRANTED**.

    2.     The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

    3.     The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

    4.     Plaintiff's Motion for Removal of Exhibits and Request to attach Exhibits to First Amended Complaint [Doc. No. 7] is **GRANTED**.

    5.     The case is **DISMISSED** without prejudice for failing to state a claim upon which

relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

6. Plaintiff is granted forty five (45) days from the date this Order is "Filed" in which to file an amended complaint which addresses each deficiency of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CA. CIV.LR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

7. The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED**.

DATED: February 17, 2011

*[signature]*

Hon. Michael M. Anello
United States District Judge