# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LINDFORS, CDCR # P-86975<br><br>Plaintiff,<br><br>vs.<br><br>E. LOYA; MATTHEW RESLER; JOSHUA ROCHA; R. FREGOSO,<br><br>Defendants. | Civil No. 10cv2120 MMA (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR PERMISSION FOR REMOVAL OF EXHIBITS;**<br><br>**(2) DISMISSING DEFENDANTS SMALL, CATE, OCHOA, JANDA, TRUJILLO, EDWARDS, STRATTON, BELTRAN, DAVIS, JIMENEZ, BETTENCOURT, GARCIA, RUTLEDGE, RODRIGUEZ, MATA, MANNING AND ADAMS;**<br><br>**(3) DISMISSING CLAIMS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A; AND**<br><br>**(4) DIRECTING USMS TO EFFECT SERVICE OF REMAINING CLAIMS AND DEFENDANTS FOUND IN SECOND AMENDED COMPLAINT** |

**I. PROCEDURAL HISTORY**

On July 29, 2010, Plaintiff, a state inmate currently incarcerated at the California State Prison - Los Angeles County located in Lancaster, California, and proceeding pro se, filed a

civil rights Complaint pursuant to 42 U.S.C. § 1983 along with another inmate, Ruben Davis. In addition, both Plaintiffs filed Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). The Court severed the parties and directed the Clerk of Court open a separate action for Plaintiff Lindfors. On November 30, 2010, the Court denied Plaintiff Lindfors' Motion to Proceed IFP and dismissed the entire action pursuant to 28 U.S.C. § 1915A. *See* Nov. 30, 2010 Order at 4. On January 13, 2011, Plaintiff Lindfors filed his First Amended Complaint along with a renewed Motion for Leave to Proceed IFP. The Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his First Amended Complaint for failing to state a claim upon which relief could be granted. *See* Feb. 17, 2011 Order at 5-6. Plaintiff was granted leave to file a Second Amended Complaint and cautioned that any Defendants not named and claims not re-alleged in his Amended Complaint would be deemed to have been waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). On May 9, 2011, Plaintiff filed his Second Amended Complaint ("SAC") along with a "Motion for Permission for Removal of All Exhibits from Previous Pleadings to Attach to Amended Pleading Herein" [ECF No. 15].

In his Second Amended Complaint, Plaintiff no longer names Ochoa, Janda, Trujillo, Stratton, Beltran, Davis, Jimenez, Bettencourt, Garcia, Rutledge, Rodriguez, Mata and Manning as Defendants. *See* SAC at 1-3. Accordingly, those Defendants are **DISMISSED** from this action. *King*, 814 F.2d at 565.

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

### A.  Fourteenth Amendment Due Process claims

Plaintiff alleges that his due process rights were violated during his disciplinary hearing because several correctional officers falsified rules violation reports which led to Plaintiff being sentenced to Administrative Segregation ("Ad-Seg"). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of

prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

**B.     Failure to protect claims**

The only claims against Defendants Edwards and Adams appear to be that they allegedly failed to protect him from the search and set him up to be falsely accused of having an inmate weapon. A "failure to protect claim" arises from the Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence suffered at the hands of other prisoners. *Farmer*, 511 U.S. at 833; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). However, to state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834. Here, Plaintiff's "injury" is not an excessive risk to his health or safety but rather an allegedly manufactured disciplinary charge that led to him spending time in Ad-Seg. Thus, Plaintiff has failed to state an Eighth Amendment claim, or any claim, against Defendants Edwards and Adams.

**C.     Religious claims**

Plaintiff also states that he is bringing a "Freedom of Religion" claim. (SAC at 4.) However, Plaintiff offers no other specific factual allegations nor does he clarify whether he intends to bring these claims under the First Amendment or pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

As to either Plaintiff's potential First Amendment or RLUIPA claims, he fails to allege facts sufficient to state a claim. "The right to exercise religious practices and beliefs does not terminate at the prison door." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that their belief is "sincerely held" and "rooted in religious belief." *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

In addition to First Amendment protections, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq*., provides:

> No government shall impose a *substantial burden on the religious exercise* of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – [¶] (1) is in furtherance of a *compelling governmental interest*; and [¶] (2) is the *least restrictive means* of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added)*; see also San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1033-34 (9th Cir. 2004) ("RLUIPA 'replaces the void provisions of RFRA' . . . and prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying the governmental interest.").

RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); *San Jose Christian College*, 360 F.3d at 1034. The party alleging a RLUIPA violation carries the initial burden of demonstrating that a governmental practice constitutes a substantial burden on his religious exercise. *See* 42 U.S.C. §§ 2000cc-1(a); 2000cc-2(b) ("[T]he plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion.").).Thus, the Court DISMISSES Plaintiff's First Amendment religious claims and RLUIPA claims.

///
///
///

### D. Access to Court claims

Plaintiff also claims that he is bringing an access to courts claim without any additional factual allegations. (*See* SAC at 4.) Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific defendant's actions. *Lewis*, 518 U.S. at 351.

/ / /

1    In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that
2 he was "so stymied" by any individual defendant's actions that "he was unable to even file a
3 complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*,
4 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ...
5 the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show
6 that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's
7 access to courts claims must be dismissed for failing to state a claim.

8    **E.    Respondeat Superior**

9    Finally, Plaintiff continues to name Cate and Small as Defendants but fails to set forth
10 sufficient factual allegations with regard to these Defendants in the body of Plaintiff's Second
11 Amended Complaint. Thus, it appears that Plaintiff seeks to hold these Defendants liable in
12 their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C.
13 § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into
14 causation must be individualized and focus on the duties and responsibilities of each individual
15 defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer
16 v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71
17 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each
18 individual Defendant which have a direct causal connection to the constitutional violation at
19 issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040,
20 1045 (9th Cir. 1989).

21   Supervisory prison officials may only be held liable for the allegedly unconstitutional
22 violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what
23 extent they personally participated in or directed a subordinate's actions, and (2) in either acting
24 or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's
25 constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded,
26 however, Plaintiff's First Amended Complaint fails to set forth facts which might be liberally
27 construed to support an individualized constitutional claim against these Defendants.
28 / / /

### F. Remaining Defendants

As for Defendants Rocha, Resler, Fregoso and Loya, the Court finds Plaintiff's allegations against them sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

## III  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Permission for Removal of Exhibits [ECF No. 15] is **GRANTED**. The Clerk of Court is directed to remove the Exhibits attached to Plaintiff's original Complaint and re-attach these Exhibits to Plaintiff's Second Amended Complaint.

2. Defendants Ochoa, Janda, Trujillo, Stratton, Beltran, Davis, Jimenez, Bettencourt, Garcia, Rutledge, Rodriguez, Mata and Manning are **DISMISSED** from this action. *King*, 814 F.2d at 565.

3. Plaintiff's Fourteenth Amendment due process claims, Eighth Amendment failure to protect claims, access to courts claim and religious claims are **DISMISSED** for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

4. All claims against Defendants Small, Cate, Edwards and Adams are **DISMISSED** for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

/ / /

/ / /

/ / /

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1 **IT IS FURTHER ORDERED** that:

2 5. The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint [ECF No. 13] and **Exhibits** upon Defendants **Rocha, Resler, Fregoso and Loya** and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a copy of this Order and a copy of his Second Amended Complaint, Exhibits and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Second Amended Complaint, Exhibits and summons upon Defendants as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

5. Defendants are thereafter **ORDERED** to reply to Plaintiff's Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

6. Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

///

7. Plaintiff shall not be limited in the amount of photocopies in this matter as the Court has found them "necessary to advance litigation." Cal.Regs. Title 15 § 3162(c).

**IT IS SO ORDERED**.

DATED: June 17, 2011

*[signature]*

Hon. Michael M. Anello
United States District Judge